Curia, per

Evans, J.
The 2d and 3d grounds of appeal are entitled to grave consideration. These embrace the questions, whether the declarations of Clark Robinson, the father of the plaintiffs, as to the time of their birth, and the contents of what was called the family register of births and deaths, were admissible. The father, whose declarations were received, and by whom the entry was made, being still alive. These entries stand on no higher footing than other declarations, and are entitled to no higher consideration, except that, if made at the time the fact occurred, they are more reliable. The proof is more satisfactory, more likely to be true, than declarations made after-wards from memory.
I think there is nothing in the idea that they were admissible, because the defendant purchased the negroes from Clark Robinson. What a man says in relation to his title, or the defects of any thing of which he is the owner, are admissible against a purchaser from him, on the reasonable assumption that at that time life would speak the truth. But they are received as admissions, and stand on the same footing as admissions by the party to the suit. But such admissions are never received, if made afterwards. Nor is there any thing in the fact that he, Clark Robinson, had declared his intention to do all he could to defeat the plaintiffs’s title. He was a competent witness, and the opposite party cannot be deprived of the guaranty of his oath, and the benefit of cross-examination.
These declarations, therefore, if admissible, must be on the ground of hearsay. This species of evidence comes under the classification of secondary, and is so classed in a recent treatise on the Principles of Evidence by Best, in the 66th vol. of the Law Library. This author, in speaking of this kind of evi *589 dence, p. 234, says: “the true principle is to consider, not whether evidence comes by word of mouth, or by writing, but whether it is original in its nature, and not indicating any better source from which it derives its weight.” The general principle is, that secondary evidence is not admissible when higher evidence is accessible; but among the exceptions to this rule is that which admits hearsay in certain matters, “ as the fact of relationship between certain persons, the births, marriages and deaths of members of a family.” If it be only secondary evidence, it follows of course that it can never be admitted whilst the primary evidence is in existence; and of course the declarations of Clark Robinson, as to the fact in dispute, whether made orally to witnesses, or in writing in the . family register, are inadmissible. Best, speaking on this subject, says : “ these, likewise, partake of the nature of historical facts, in this, that they refer to matters which have occurred in times and among persons who have passed away.” To the same eifect are all the writers on the law of evidence. (See 1 Green. Ev. § 99.)
I think, therefore, that neither the declarations of Robinson, made orally or in writing, were admissible as evidence, as to the time when his children, the plaintiffs, were born, on any of the grounds supposed, and that the plaintiffs might have been non-suited for want of proof to take their case out of the statute of limitations, but for the evidence of Wallace, who said that in 1829 the plaintiff, James A., appeared to be 4 or 5 years old.— This; if offered, as I suppose it was, in the evidence in chief, would entitle the plaintiffs to go to the jury. They could not, at the trial or now, be nonsuited, if there was any evidence to prove they were not barred. But the defendant, in his evidence, read the examination of this same Clark Robinson, and gave in evidence, unobjected, the same family register — the contents of which had been previously given on the part of the plaintiffs. The substance of Robinson’s evidence was, that he could not speak from memory without reference to the register, and that that had been torn so that he could not ascertain the time. Now, as he was the defendant’s witness, it was competent for the plain *590 tiffs to contradict him, and to shew that he did not speak the truth when he said he did not know whether his son was born the 29th January, 1824, by proving that he had said so to James A. Smith. The register was offered by the defendant, I suppose, to confirm Robinson as to the fact of mutilation, which is the only ground upon which I can perceive it was admissible.
The evidence of Finley and S. W. Robinson would then be admissible to prove that it was unmutilated at a very recent period, and that, as it was in his possession, it had been intentionally mutilated to carry out his declared purpose of defeating the plaintiffs’s action. I think, therefore, the objected evidence, although not admissible originally, was clearly admissible in reply. And the question now is, whether we shall grant the defendant a new trial on this ground ? There is no definite rule on the subject of granting new trials. The jury have heard, all the evidence, and they have heard none but what was proper for them to hear. The only objection is, that they did not hear it at the appropriate time. We do not perceive that in the end the defendant’s case has been prejudiced by what has been done, or that any other result can be obtained by another trial; and the motion must, therefore, be dismissed.
O’Neall, Withehs and Whitnee, JJ., concurred.

Motion dismissed.